UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RONALD MASON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:19-CV-98 |
| | § | |
| EVANSTON INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Mason ("Mason") originally brought this action against Defendant Evanston Insurance Company ("Evanston") in Galveston County Civil Court at Law No. 2. Evanston subsequently removed the suit to this court based on the Court's diversity jurisdiction. Before the Court is Mason's Amended Motion to Remand. Dkt. 17. After reviewing the motion and the applicable law, the Court **GRANTS** the motion and **ORDERS** this case to be **REMANDED** to Galveston County Civil Court at Law No. 2.

### Analysis

"A [defendant] may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see* 28 U.S.C. § 1441(a). However, the defendant then "bears the burden of establishing the facts necessary to show that [subject matter] jurisdiction exists." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In the event a defendant asserts removal on diversity grounds specifically, a district court will refuse jurisdiction unless the defendant

can prove all necessary jurisdictional facts by "a preponderance of the evidence." *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). All ambiguities and "doubts regarding whether removal jurisdiction is proper [will] be resolved against federal jurisdiction." *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Both parties concede that complete diversity exists, therefore the Court only needs to decide whether the $75,000 requirement is met in order to determine if it has subject matter jurisdiction over this case. *See* 28 U.S.C. § 1332(a). Evanston argues that removal was proper because the parties are completely diverse and the amount in controversy exceeds $75,000. Dkt. 19 at 13. Mason seeks remand based on a stipulation attached to his state-court petition, which states that the amount in controversy does not exceed $75,000, and that "[n]either Plaintiff nor his/her attorney will accept an amount that exceeds $75,000 exclusive of interest and costs." Dkt. 1-3 at 28.

It is well settled that "a binding stipulation that a plaintiff will not accept damages in excess of the [$75,000] defeats diversity jurisdiction." *Espinola-E v. Coahoma Chem. Co.*, Nos. 98-60240, 98-60454, 98-60467, 98-60510, 98-60646, 2001 U.S. App. LEXIS 32198, at *3-4 (5th Cir. Jan. 19, 2001); s*ee Williams v. Companion Prop. & Cas. Ins. Co.*, No. 4:13-cv-733, 2013 U.S. Dist. LEXIS 75125, at *4-5 (S.D. Tex. May 27, 2013) (Rosenthal, J.); *see also Mokhtari v. Geovera Specialty Ins. Co.*, No. 4:14-cv-3676, 2015 U.S. Dist. LEXIS 57941, at *2 (S.D. Tex. 2015) (Lake, J.); *see also Stephens v. Geovera Specialty Ins. Co.*, No. 4:16-cv-2372, at 3 (S.D. Tex. December 20, 2016) (Ellison, J.). Mason has provided this exact type of stipulation here. Dkt. 1-3 at 28. Accordingly, the

amount in controversy requirement is not met in this case and the Court does not have subject-matter jurisdiction over this dispute. "Should Plaintiff amend his state-court petition in the future in a way that somehow negates Plaintiff's existing stipulation not to accept damages in excess of the jurisdictional limit, Defendant may seek to remove again at that time." *See Mokhtari*, 2015 U.S. Dist. LEXIS 57941, at *5.

## Conclusion

For the foregoing reasons, the Court **GRANTS** the Amended Motion to Remand. Dkt. 17. Accordingly, the Court **ORDERS** this case to be **REMANDED** to Galveston County Civil Court at Law No. 2.[1] The Clerk of the Court will promptly deliver a copy of this Memorandum Opinion and Order to the County Clerk of Galveston County, Texas.

SIGNED at Galveston, Texas, this 7th day of June, 2019.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge

---

[1] The state-court cause number is CV-0082475.